IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMMIE HATCHETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 14-3141 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. As directed, the Government filed a Response to the Petitioner's Motion. The Petitioner has also filed a Reply. The Court finds that an evidentiary hearing is not warranted.

I.

In 2012, Petitioner Timmie Hatchett was charged in by indictment with possession of cocaine with the intent to distribute (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Two). *See United States v. Timmie Hatchett*, Case No. 12-30082. On January 7, 2013, the Petitioner pled guilty to both charges.

On July 25, 2013, the Petitioner was sentenced to a total term of 81 months

imprisonment, followed by five years of supervised release. The imprisonment term consisted of 21 months on Count One followed by 60 months on Count Two, to run consecutively. Pursuant to a retroactive sentencing guideline amendment, the Petitioner's sentence was later reduced to 78 months imprisonment [Doc. No. 34], consisting of 18 months on Count One followed by 60 months on Count Two.

The Petitioner did not file a direct appeal following his sentencing. His motion under § 2255 is timely.

## II.

The Petitioner's motion lists the following grounds: (1) ineffective assistance of counsel/due process violation because the Court erroneously calculated his criminal history by giving excessive weight to a traffic violation and suspension; (2) ineffective assistance of counsel because counsel did not effectively represent the Petitioner; and (3) ineffective assistance of counsel for failure to file a direct appeal.

The Petitioner's plea agreement includes a waiver of his right to appeal and collaterally attack his sentence. An appellate waiver is generally enforceable. *See United States v. Hurlow*, 726 F.3d 958, 964 (7th Cir. 2013). Plea agreement waivers are governed by ordinary contract law principles and are unenforceable in certain circumstances, such as if the Government breaches the agreement or the dispute falls outside the agreement. *See id*. Moreover, the plea agreement is unenforceable if

counsel was ineffective in negotiating the agreement as a whole. *See id*. at 965. Therefore, a petitioner need not specifically allege that counsel was ineffective in negotiating the waiver provision. *See id*.

Upon reviewing the record, the Court concludes that Petitioner has not provided any basis for the Court to find that the collateral attack waiver should not apply in this case. The Petitioner's arguments relate to sentencing issues that are not addressed in the plea agreement. Accordingly, the Court concludes that the waiver should be enforced and the motion under § 2255 will be dismissed on that basis.

Each of the grounds asserted by the Petitioner relates in some way to his argument that counsel was ineffective for failing to address a sentencing issue–an error in calculating his criminal history or failing to argue that his criminal history category overstates his actual criminal history and his failure to file a notice of appeal as to those grounds.

The Court further finds that, even if the waiver was not enforceable, the Petitioner would not be entitled to habeas relief. The Petitioner argues that his two prior convictions for driving while his license was revoked should not have counted for criminal history points. One point was added for each conviction. However, one point for each conviction was appropriate under United States Sentencing Guidelines §§ 4A1.1(c) and 4A1.2(c)(1) because convictions for driving with a revoked license

which occurred within 10 years of the instant offense are counted. Accordingly, there was no error in calculating the Petitioner's criminal history points. Counsel's failure to argue that there was error does not constitute ineffective assistance of counsel.

The Petitioner's assertion that counsel was ineffective for failing to raise an argument about the Petitioner's relatively minor criminal history is simply incorrect. The Court has listened to a recording of the sentencing hearing and one of the mitigating factors raised by counsel is that the Petitioner's Criminal History Category of III over-represented his actual criminal history–due to multiple driving on revoked license convictions. The Court agreed with counsel's argument and noted that particular mitigating factor at sentencing and listed it in the Judgment [Doc. No. 30] as a basis for the below-guideline sentence.

Additionally, even assuming the collateral waiver is not enforceable, the Court notes that counsel was quite effective in representing the Petitioner. Counsel raised a number of mitigating factors. These included the Petitioner's relatively minor criminal history and the harshness of the five-year mandatory term on Count Two. Counsel argued that a below-guideline sentence was appropriate for those and other reasons. The Court agreed with counsel's argument that such a sentence was warranted based on the Petitioner's circumstances. Although he may have desired an even lower sentence, the Petitioner is unable to show that counsel's performance "fell

4

below an objective standard of reasonableness" and he cannot establish prejudice. The Petitioner also cannot establish prejudice for counsel's failure to file a notice of appeal.

Because the Petitioner is unable to show ineffective assistance or prejudice, he is entitled to no relief even without the collateral attack waiver. The Petitioner's motion under § 2255 would still be denied.

An appeal may be taken if the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

<u>Ergo</u>, the Motion under 28 U.S.C. § 2255 of Timmie Hatchett to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate this case.

ENTER: June 20, 2017

FOR THE COURT:      */s/ Richard Mills*
    Richard Mills
    United States District Judge